## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MADELINE L. WASHINGTON                        *
1129 Ivy Club Lane #1531                      *
Hyattsville, Maryland 20785                   *
                                              *
   PLAINTIFF,                  *
   on behalf of herself and all others   *
   similarly situated          *
                                              *
       v.   *          Case No. _____
                                              *
HOPE FOUND INC.                               *
10410 Kensington Parkway, Suite 212           *
Kensington, Maryland 20895                    *
                                              *
   SERVE: RESIDENT AGENT        *
   EMMANUEL KHUMBAH, CEO        *
   10410 KENSINGTON PARKWAY, SUITE 212   *
   Kensington, Maryland 20895   *
                                              *
and                                           *
                                              *
EMMANUEL KHUMBAH, CEO                         *
10410 KENSINGTON PARKWAY, SUITE 212           *
Kensington, Maryland 20895                    *
                                              *
   DEFENDANTS.                  *
************************************************************************

## COMPLAINT

     Plaintiff Madeline L. Washington ("Plaintiff"), by and through undersigned

counsel, on behalf of herself and all others similarly situated, hereby complains against

Defendants Hope Found Inc. ("Hope") and Emmanuel Khumbah ("Khumbah") to

recover damages for unpaid overtime wages under the Federal Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and for wage theft pursuant to

the D.C. Wage Theft Prevention Act of 2014, D.C. Code §§ 32-1301 *et seq.*

("DCWTPA"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland who performed work for Defendants in the District of Columbia.  Plaintiff's Consent to become a plaintiff in an action under the FLSA is attached hereto.

2.      Defendant Hope is a company that provides assisted living services for disabled individuals and their families.  Hope has one or more contracts with the District of Columbia to provided assisted living services for its residents.  On information and belief, Hope is a corporation formed under the laws of the District of Columbia with its principal place of business in the State of Maryland.

3.      Defendant Khumbah is, on information and belief, the President, CEO, and owner of Hope.  In this capacity, Khumbah, individually had the power to hire, fire, discipline Plaintiff and other similarly-situated employees, set and amend the rates of pay and work schedule for Plaintiff and other similarly-situated employees, and control the day-to-day of Hope's business operations.

4.      At all times during Plaintiff's employment, Hope was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Plaintiff was an employee engaged in commerce or the production of good for commerce within the meaning of 29 U.S.C. §§ 206-207.

5.      On information and belief, during each year of Plaintiff's employment, Hope's gross revenue exceeded $500,000.00, and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.      At all times during Plaintiff's employment period, Defendants were Plaintiff's "employer" for purposes of the FLSA and the DCWTPA.

7.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).  The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S. Code § 1367.

## FACTS

8.      Plaintiff was employed by Defendants from approximately January 2014 through about June 2017 (hereafter, "the relevant time period" or "at all times relevant"). At all times relevant, Plaintiff worked for Defendants full time as a home healthcare service provider for individuals with developmental disabilities living in the District of Columbia.

9.      Plaintiff has no specialized or advanced degree of any kind.  She did not supervise any employees, did not exercise independent judgment or discretion with respect to matters of significance, and did not perform work directly related to the management or general business operations of Hope.  Plaintiff was not empowered to, and did not, make any meaningful decisions regarding Defendants' operations.

10.      At all relevant times, Plaintiff was paid on an hourly basis.  From approximately January 2014 through December 2016, Plaintiff was paid at the rate of $13.80 per hour.  From January 2017 through the end of her employment with Defendants in June 2017, Plaintiff was paid at the rate of $13.96 per hour.  All payments

were made by payroll check, which reflected the number of hours worked in the two-week payroll period.

11.    The exact number of hours Plaintiff worked each week varied from week to week.  Plaintiff generally worked a minimum of fifty (50) hours per week, with some weeks being as high as seventy-seven (77) hours or even more.

12.    The FLSA normally provides for up to a three (3) year statute of limitations.  However, in proper circumstances, parties owed overtime wages may have this time period extended for equitable tolling if the Court finds that plaintiff, despite all due diligence, was unable to obtain vital information bearing on the existence of her claim or was affirmatively misled regarding her claim by the employer.  The time period for Plaintiff to bring an action for wage violations should be extended because of (1) Defendants' failure to provide the requisite notice within ninety (90) days of the enactment of the DCWTPA; (2) Defendants' failure to post or otherwise provide notice of the FLSA or a means to enforce those rights; and (3) the continuous nature of the wage violations.

13.    Plaintiff was misled into believing that she was not entitled to be paid overtime wages for the overtime hours she worked each week because Defendants either told this to Plaintiff expressly or implied that this was the case by repeatedly failing and refusing to pay at the overtime wage rates for all hours worked over forty (40) in a workweek. Plaintiff was not aware that she was not paid at the legally-required overtime rate as required by Federal law until she sought legal advice in April 2018.  In consideration of the foregoing, it is proper to toll Plaintiff's Federal overtime wage claim

to include the entirety of Plaintiff's employment period with Defendants, from approximately January 2014 through approximately June 2017.

14.     Employers who violate the FLSA's overtime provisions are ordinarily liable to the employee or employees affected in the amount of their unpaid overtime wages and an additional equal amount as liquidated damages.  The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA violation] was in good faith and that [the defendant] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

15.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," and not simply the absence of bad faith.  *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999).

16.     Here, Defendants' failure to pay Plaintiff wages as required by the FLSA and District of Columbia law was not the product of good faith, and Defendants had no reasonable grounds for believing their failure to pay Plaintiff wages at the legally-mandated rate was in compliance with Federal or District of Columbia law.

17.     Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.  Consequently, in addition to her unpaid overtime wages under the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid wages.

18.     The FLSA and DCWTPA are "fee shifting" statutes, directing an award of reasonable attorney's fees and costs to a successful plaintiff.  As such, Plaintiff is entitled

to payment by Defendants of his reasonable attorney's fees and costs at rates set forth under the *Salazar* Index. *See* D.C. Code § 32-1308(b)(1).

19.    On information and belief, Defendants employ many other workers as home healthcare service provider, which workers are similarly situated to Plaintiff in that they were paid straight time for all overtime hours, and were not paid at the required overtime rate.  Plaintiff brings this as a collective action pursuant to the FLSA, 29 U.S.C. §216(b), so that all others who are similarly situated may participate and enforce their rights to overtime pay according to law.

## CAUSES OF ACTION

## COUNT I

### Violation of Federal Fair Labor Standards Act (Overtime Wages)

20.    Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-19 above, as if each were set forth herein.

21.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

22.    At all times, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

23.    Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

24.     While in Defendants' employ, Plaintiff customarily worked approximately fifty (50) to seventy-seven (77) hours each week, for which she was not paid the requisite overtime wage required by the FLSA.  Plaintiff was paid only "straight" time for all her hours worked.

25.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

26.     On information and belief, all similarly-situated home healthcare providers for Defendants were also not paid overtime wages, in violation of the FLSA.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I, and all others similarly situated, for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II

### Violation of District of Columbia Wage Theft Prevention Act

27.     Plaintiff realleges and reasserts each and every allegation set forth in paragraphs 1-26 as if each were set forth herein.

28.     The DCWTA requires timely payment by employers to employees of all wages due and owing or as otherwise required by contract, District of Columbia law, or Federal law.

29.     The District of Columbia Living Wage Act, D.C. Code §§ 2-220-01 *et seq.* ("DCLWA"), requires all employers with contracts with the District of Columbia exceeding $100,000 or more to pay their employees a wage "no less than the current

living wage rate" (the "Living Wage"). The Living Wage during the relevant time period was as follows:

| Year | Living Wage Rate |
|------|------------------|
| 2014 | $13.60/hour |
| 2015 | $13.80/hour |
| 2016 | $13.85/hour |
| 2017 | $13.95/hour |

30.     On information and belief, at all times relevant Hope has been a government contractor to the District of Columbia with one or more contracts exceeding $100,000, and is obligated to pay its employees at not less than the Living Wage rate.

31.     Defendants violated the DCWTPA and DCLWA and failed to pay Plaintiff the minimum wages required by these laws. Rather, for the time period January – December 2016, Plaintiff received straight pay of only $13.80 per hour, less than the DCLWA-mandated $13.85 per hour.

32.     As a result of Defendants' unlawful failure to pay Plaintiff as required by the DCWTPA and DCLWA, Plaintiff has suffered a loss of wages.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an amount equal to three times (3x) the unpaid wages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Philip B. Zipin, DC Bar No. 367362
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*

## CONSENT TO PARTICIPATE AS A PLAINTIFF
## IN AN ACTION UNDER THE FLSA

I believe that I am entitled to recover overtime compensation under the Federal Fair Labor Standards Act ("FLSA") and consent to be a plaintiff in an FLSA case.

Madeline L. Washington
Full Legal Name (please print clearly)

1129 Ivy Club lane  #1531  Hyattsville, MD 20785
Full Address

301 892-0122
Telephone Number

Lorretta.washingtone.gmail.com
E-Mail Address

Signature

4/19/18
Date