UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MADELINE WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No. 18-1038 (RMC) |
| HOPE FOUNDATION, INC., *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Madeline Washington filed a Complaint in this matter on May 2, 2018 [Dkt. 1]. Defendant Emmanuel Khumbah was served with a summons and copy of the Complaint on October 12, 2018 [Dkt. 5], and Defendant Hope Foundation, Inc. was served with a summons and copy of the Complaint on October 12, 2018 [Dkt. 6]. Defendants have failed to appear, plead, or otherwise defend. As a result, the Clerk of Court entered default against them on December 6, 2018. Clerk's Entry of Default [Dkt. 9]. On February 5, 2019, Plaintiff filed a Motion for Entry of Default Judgment [Dkt. 11], with a Proposed Order [Dkt. 11-2], and Exhibits [Dkts. 11-3 to 11-8]. Defendants have not filed a response.

On April 4, 2019, the Court ordered Defendants to show cause no later than April 26, 2019 why the Court should not grant Plaintiff's motion for default judgment. Order to Show Cause [Dkt. 12]. Defendants have failed to appear in this case and have not filed a response.

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk's entry

1

of default, the party may then move for entry of default judgment. Fed. R. Civ. P. 55(b). The defendant "must be considered a totally unresponsive party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *ITPE Pension Fund v. Stronghold Sec., LLC*, 23 F. Supp. 3d 1, 7 (D.D.C. 2014) (citations omitted).

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for entry of a default judgment. *See Bricklayers & Trowel Trades Int'l Pension Fund v. KAFKA Constr., Inc.*, 273 F. Supp. 3d 177, 180 (D.D.C. 2017); Fed. R. Civ. P. 55. "A party must first request the Clerk of Court to note default against the defendant for failing to 'plead or otherwise defend.'" *United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.*, 324 F. Supp. 3d 38, 44-45 (D.D.C. 2018) (citation omitted). Rule 55 then allows a court to enter a default judgment upon the party's request. Fed. R. Civ. P. 55(b)(2). Default judgment "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (citation omitted).

Defendant has failed to appear or file any response in this case. At Plaintiff's request, the Clerk of Court completed the first step contemplated by Rule 55 by noting default against the Defendant. Clerk's Entry of Default [Dkt. 9]. The Court then ordered Defendant to respond or otherwise show cause why default judgment should not be granted. Order to Show Cause [Dkt. 12]. Defendant has completely failed to "plead or otherwise defend" against the Complaint. *See* Fed. R. Civ. P. 55. Plaintiff submitted supporting documentation, including affidavits, with its motion. "The court may rely upon detailed affidavits and documentary

3

evidence in the determination of the amount of the default judgment." *ITPE Pension Fund*, 23 F. Supp. 3d at 3.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment, Dkt. 11, is **GRANTED**; and it is

**FURTHER ORDERED** that judgment of default in the amount of $61,679.46 is entered against Defendant.

Date:  May 20, 2019

_____
ROSEMARY M. COLLYER
United States District Judge